Filed 5/4/22  P. v. Crotti CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALESSANDRO ENRICO CROTTI,<br><br>Defendant and Appellant. | C094661<br><br>(Super. Ct. No. CR20211698) |

Appointed counsel for defendant Alessandro Enrico Crotti has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having reviewed the record as required by *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Over the course of approximately three weeks, defendant robbed three different banks, obtaining a total of over $30,000.  After being charged with 10 counts of robbery

1

(Pen. Code, §§ 211, 212.5 subd. (c)),[1] and one count of attempted robbery (§§ 212.5, 213 subd. (b)) defendant pleaded no contest to three counts of robbery; counts 2, 7, and 9. The remaining charges were dismissed with a *Harvey*[2] waiver. As part of the plea, defendant agreed to an aggregate stipulated sentence of six years, including the upper term of five years on count 2, a concurrent term of 3 years on count 7, and a consecutive one-year term on count 9.

After the plea and prior to sentencing, defendant made a *Marsden*[3] motion. The trial court denied the motion and proceeded to sentencing. The trial court sentenced defendant to an aggregate term of six years, awarded him 96 days of presentence custody credit and ordered him to pay $50,255 in direct victim restitution.

The trial court granted defendant's request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
ROBIE, J.

_____\s\_____,
DUARTE, J.

3